UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: DROPBOX SIGN DATA BREACH LITIGATION

Case No.  24-cv-02637-JSW

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Re: Dkt. Nos. 73, 76

Now before the Court is the motion for reconsideration filed by Plaintiffs based upon the holding in *Godun v. JustAnswer LLC*, 135 F.4th 699 (9th Cir. 2025).  By its order dated February 20, 2026, the Court found that since the time it issued the decision to compel arbitration in July, 2025, there had been an intervening change in controlling law that could alter the legal analysis of whether Dropbox users manifested unambiguous assent to its Terms of Service.[1]

Having reviewed the parties' briefing with regard to this new authority, the Court finds that both steps of the applicable *Berman* test are satisfied for the sign-in wrap agreement present in this case.  *See id.* at 709 (citing *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022) (holding that contracts are formed between website users and operators only where "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that

---

[1] Although the parties spend a considerable portion of their briefing on whether or not the Court should reconsider its original decision, by its order granting leave, the Court has already determined that it will reconsider and does not need to re-litigate that issue.  In addition, the Court does not need to consider the content of the Declaration by Christopher French submitted in conjunction with Dropbox's opposition to the motion to reconsider.  However, the Court GRANTS the request to file the declaration under seal.  (Dk. No. 76.)

unambiguously manifests his or her assent to those terms.")).

After completion of the required fields in the process of accessing a document to sign using Dropbox Sign, an agreement prompt appears with text reading "I agree to be legally bound by this document and the Dropbox Sign Terms of Service" beside a button marked "I agree." (ECF No. 49-12, Declaration of Christopher French, Ex. K.)  The phrase "Terms of Service" is set off in bolded blue text and hyperlinks to the Terms.  As a condition to successfully sign any attached document, Plaintiff had to have clicked on the button marked "I agree."  (*Id.*)

The first step of the inquiry-notice internet contract formation test set out in *Berman* – that the website provides reasonably conspicuous visual notice of the terms to which the consumer will be bound – is satisfied here by the large font and placement of the agreement prompt box. *Berman*, 30 F.4th at 856.  The second factor of the test, as further elucidated by Court of Appeals in *Godun*, "asks us to consider whether any action taken by the internet user – such as clicking a button or checking a box – 'unambiguously manifest[e]d his or her assent' to proposed contractual terms." *Id.* at 710 (citations omitted).  "[S]uch unambiguous manifestation of assent can only occur in the inquiry-notice context where an internet user is '*explicitly* advised that the act of clicking will constitute assent to the terms and conditions of an agreement.'"  *Id.* (emphasis in original) (citations omitted).  "Even strongly implicit advisement isn't enough – a webpage must *explain* that certain actions will be understood by the offeror to signal assent to contractual terms." *Id.* at 711 (citing *Berman*, 30 F.4th at 857) (emphasis in original).

Here, the parties' dispute focuses only on the second sentence in the agreement prompt box.  This sentence provides that to click on the "I agree" button will automatically sign the attached document, which is the service provided by Defendant's website.  Plaintiffs contend that this sentence and the user's clicking on the "I agree" button does not manifest assent to make a contract for continued services apart from simply signing the attached document.  However, the preceding sentence in the prompt box reads: "I agree to be legally bound by this document and the Dropbox Sign Terms of Service."  The Court finds that the explicit advisement, using the conjunctive "and" indicates to the internet user that she agrees to be bound *both* by affixing her signature to the attached document and assents to the Dropbox Terms of Service, which are

United States District Court
Northern District of California

2

provided as a hyperlink in that same sentence.  The holding in *Godul* requires that the Court "must be tuned to the expectation of a reasonably prudent internet user." *Id.* at 710.  This Court finds that the reasonably prudent internet user would read both sentences in the agreement prompt box and, in conjunction, find that the agreement to affix one's signature to the document is simultaneously an agreement to accept the Terms of Service explicitly mentioned in the same sentence, including the arbitration provision at issue here.

Accordingly, the Court DENIES Plaintiffs' motion for reconsideration and affirms its order dated July 23, 2025, to compel arbitration and to stay this matter pending completion of arbitration proceedings.

**IT IS SO ORDERED.**

Dated: May 14, 2026

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California